# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ERIC K. WATKINS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. 2:08-cv-687
CRIM. NO. 2:04-cr-119(1)
JUDGE MARBLEY
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On November 17, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed due to petitioner's failure to submit a written waiver of his attorney-client privilege. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*, and submitted a waiver of his attorney-client privilege. *See* Doc. Nos. 203, 204. Petitioner states that he delivered the waiver to prison officials for mailing in a timely manner on September 23, 2008. Therefore, petitioner's objections are **SUSTAINED.**

In his motion to vacate, set aside, or correct sentence, petitioner asserts as follows:

> 1. Petitioner was denied compulsory process for obtaining witnesses in his favor, in violation of the 5th Amendment.
>
> Petitioner's trial counsel failed to call expert witnesses to support petitioner's innocence as a matter of substantive law. Petitioner was also denied the unique opportunity to call favorable witnesses in said proceeding.
>
> 2. Government lacked jurisdiction, whereas no federal violation was committed.
>
> The petitioner was charged with federal bank robbery. No

federal bank robbery can be substantiated where there is no F.D.I.C. coverage over a non-member bank.

3. The government must be held to its burden to prove all elements to substantiate federal bank robbery.

No bank was robbed in said [sic] No FDIC insurance.

4. Petitioner did not receive effective assistance of counsel. Violation of 6th Amendment.

Counsel failed to investigate, prepare a sound pretrial and or trial strategy with petitioner. Counsel refused to file timely appeal even after District Judge ordered him to appeal. Counsel failed to perform his duties at a reasonable standard of professional norms.

Respondent stipulates that the sentencing transcript reflects petitioner's intention to pursue an appeal, and although the Court directed counsel to file a notice of appeal, no appeal was filed. Respondent further requests that the petition be granted on this basis. *See Return of Writ.*

The failure by a defense attorney to file a timely appeal after being requested to do so by his client constitutes the ineffective assistance of counsel. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic

> decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). In this specific situation, relief under §2255 is appropriate because it simply puts the petitioner back in the exact situation he would have been in had the notice of appeal been timely filed. See McIver v. U.S., 207 F.3d 1327 (11th Cir. 2002).

This case is very similar to U.S. v. Hirsch, 207 F.3d 928 (7th Cir. 2000). There, the Court of Appeals dismissed an appeal even though it seemed clear that the defendant had requested the clerk to file a notice of appeal on his behalf. The Court reasoned, however, that any prejudice could be cured by granting relief under §2255, because if counsel failed to insure that the clerk followed through with filing the notice of appeal, counsel would have acted ineffectively. Thus, the exact reason why the notice of appeal was not filed is less important than the fact that petitioner timely requested an appeal and did not get one.

For these reasons, the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 is **GRANTED.** Final judgment previously entered in this case on November 3, 2005, Doc. No. 162, hereby is **VACATED** and a new judgment shall be entered and counsel appointed on petitioner's behalf for purposes of filing a timely appeal. The remainder of petitioner's §2255 claims are **DISMISSED** as prematurely brought pending disposition of petitioner's appeal.

IT IS SO ORDERED.

／s／ _Algenon L. Marbley_
ALGENON L. MARBLEY
United States District Judge