IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ERIK K. WATKINS,**

        **Petitioner,**

        **v.**

**UNITED STATES OF AMERICA,**

        **Respondent.**

Civil Action 2:13-cv-1075
Criminal Action 2:04-cr-119
Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

ORDER and
REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this action in the form of a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 ("Motion to Vacate") (ECF Nos. 251, 282). This matter is before the Court to consider the Government's Motion to Dismiss Claim Two (ECF No. 306). For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the Government's motion be **GRANTED** and that this action be **DISMISSED.**

Counsel's Motion to Withdraw (ECF No. 311) is **GRANTED.**

**I. Facts and Procedural History**

This Court has previously summarized the facts and procedural history of this case. *See* Opinion and Order (ECF No. 313); *see also United States v. Watkins*, 450 F. App'x 511 (6th Cir. 2011). As previously discussed, Petitioner challenges his underlying criminal convictions after a jury trial on conspiracy, in violation of 18 U.S.C. § 371; armed robbery of a financial institution, in violation of 18 U.S.C. § 2113(a) and (d); using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and receiving, possessing, concealing, storing, or disposing of money taken or stolen from a credit union, in violation of 18 U.S.C. § 2113(d). On October 29, 2013, Petitioner filed his Motion to Vacate, asserting that he

was denied the effective assistance of counsel because his attorney failed to hire or present testimony from a defense expert to challenge the fingerprint evidence submitted by the prosecution. (ECF No. 251). On August 16, 2016, Petitioner amended the Motion to Vacate to also assert that the Court improperly sentenced him as a career offender under U.S.S.G. § 4B1.1, based on his prior convictions for robbery and assault on a police officer, in light of *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) (determining that the "residual clause" of 18 U.S.C. § 924(c)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague). The Court held this claim in abeyance pending a decision from the United States Supreme Court in *Beckles v. United States*, 137 S. Ct. 886, 895 (2017) (explaining that because the Sentencing Guidelines are advisory, they are "not subject to a vagueness challenge under the Due Process Clause and . . . [that] § 4B1.2(a)'s residual clause is not void for vagueness."). The Government has filed a Motion to Dismiss Claim Two based on the Supreme Court's decision in *Beckles*. (ECF No. 306).

On May 29, 2017, Petitioner's counsel filed a Motion to Withdraw proposing that he should have moved to amend the Motion to Vacate to raise an additional third claim for relief challenging the validity of Petitioner's conviction under 18 U.S.C. § 924(c) in Count 14, on the basis that the conviction on armed bank robbery, in violation of 18 U.S.C. § 2113, categorically does not constitute a crime of violence within the meaning of 18 U.S.C. § 924(c) by application of *Descamps v. United States*, 570 U.S. 254 (2013), and *Taylor v. United States*, 495 U.S. 575 (1990), and as further defined in *Johnson v. United States*, 559 U.S. 133, 140 (2010). Petitioner also refers to the Supreme Court's decision in *Mathis v. United States,* 136 S. Ct. 2243 (2016), in support of this claim.

On September 29, 2017, the Court stayed these proceedings pending Petitioner's filing of a status report regarding, *inter alia,* counsel's intent to withdraw. *See* Opinion and Order (ECF No. 313.) In response, on October 30, 2017, counsel renewed the motion to withdraw and has indicated that no further briefing is anticipated in regard to the Government's Motion to Dismiss or in regard to Petitioner's claim of the denial of the effective assistance of counsel. (ECF No. 314).

## II. Motion to Withdraw

Petitioner's Counsel has renewed the Motion to Withdraw so that Petitioner may further pursue the issues set forth in proposed claim three, outlined above. Counsel's renewed motion to withdraw (ECF No. 311) is **GRANTED**.

However, the Court finds that counsel has already adequately addressed the proposed amended claim three in the Motion to Withdraw and that no further briefing will be of assistance to the Petitioner. Moreover, for the reasons already addressed by this Court's Opinion and Order (ECF No. 313), this proposed claim fails to provide a basis for relief. Additionally, to the extent that Petitioner proposes to amend the Motion to Vacate to include a claim under *Mathis*, the United States Court of Appeals for the Sixth Circuit has held that *Mathis* does not retroactively apply to cases on collateral review. *See In re Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017). Also, Petitioner's proposed amendment to include a claim that his conviction on armed robbery categorically does not require violent conduct by application of *Descamps*, 570 U.S. at 2283, and as further defined in *Johnson*, 559 U.S. at 140, is barred under the provision of 28 U.S.C. § 2255(f), providing for a one-year statute of limitations on the filing of federal habeas corpus petitions. *See Murphy v. United States*, No. 2:16-cv-00560, 2:05-cr-00001(1), 2016 WL 4269079, at *3 (S.D. Ohio Aug. 15, 2016) (citing *United States v. Jefferson*, No. 3:05-cr-135,

2016 WL 3523849, at *2 (S.D. Ohio June 28, 2016) ("The *Johnson* decision does not make timely any claim of unconstitutional vagueness in a federal criminal statute filed within one year of *Johnson*.")).

### III. The Government's Motion to Dismiss

#### A. Standard of Review

In order to obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States, when the trial court lacked jurisdiction, or when the sentence was in excess of the maximum sentence allowed by law or is "otherwise subject to collateral attack." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Apart from constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice,'" *Davis v. United States,* 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428–429 (1962)); *see also Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006).

#### B. Claim One

Petitioner asserts that he was denied the effective assistance of counsel because his attorneys failed to hire a defense expert to challenge the testimony presented by the Government's fingerprint experts. Petitioner contends that, had counsel done so, Petitioner would not have been convicted based on evidence that his fingerprint was found on the car of the credit union manager. (ECF No. 251, PAGEID ##2907-08).

4

In response, the Government has submitted an Affidavit from Susan Petit, one of Petitioner's former defense counsel. (ECF No. 280). Petitioner retained Ms. Petit and Joseph D. Reed to represent him in this case. The Affidavit states as follows:

> At the time of the trial both Mr. Reed and myself did extensive research on the standards and reliability, and the lack thereof fingerprint evidence. Fingerprint evidence was an issue in the case which directly related to our client. There had been a study published that questioned the reliability of fingerprint evidence do to the [sic]. We obtained a prepublication copy of Strengthening Forensic Science in the United States: A Path Forward, published by National Academies of Science.
>
> Prior to the trial my co-counsel located a fingerprint expert from Dayton, Ohio. The expert was still of the opinion that the recent challenges to the reliability of fingerprint evidence was misplaced. He would not have been helpful at trial because he di[d] no[t] disagree with the government experts. We made a strategic decision that the potential expert would hinder rather tha[n] help our defense of Mr. Watkins. We filed [M]otion in Limine (R. 103) to prohibit the government from introducing expert testimony regarding fingerprint evidence until the Court held a *Daubert* hearing.
>
> On April 22, 2005, the district Court held a *Daubert* Hearing as we requested. The government called one witness during the hearing, Robin Roggenbeck, a forensic scientist latent print examiner for the Ohio Bureau of Criminal Identification. Ms. Roggenbeck gave direct testimony as to the reliability of fingerprint evidence. Mr. Reed cross-examined Ms. Roggenbeck during the course of the hearing. After the conclusion of Ms. Roggenbeck's testimony the Court ruled that fingerprint testimony passes the test of scientific validity contemplated by *Daubert*. (R. 229, Tr. Daubert Hearing p. 37).
>
> Based on the ruling of the Court I compiled [a] notebook of all of our research on the fallibility of the fingerprint evidence that was to be introduced at trial. During the trial the government introduced the testimony of two forensic latent print examiners, the aforementioned Ms. Roggeneck and Mark Bryant of the Columbus Police Department. They both testified that the latent print that was recovered from the getaway vehicle matched the fingerprint of our client. Mr. Reed conducted a thorough cross examination of

> each witness and exposed the weaknesses in the government's evidence. We felt that this was the best trial strategy. We discussed that strategy with Mr. Watkins and he was in agreement.

(ECF No. 280, PAGEID ##2982-83).

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). The standard for demonstrating a claim of ineffective assistance of counsel is composed of two parts:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Scrutiny of defense counsel's performance is "highly deferential." *Id*. at 689.

With respect to the first prong of the *Strickland* test, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. To establish the second prong of the *Strickland* test, *i.e*., prejudice, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Because a petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, should the court determine that the petitioner has failed to satisfy one prong, it need not consider the other. *Id.* at 697.

Petitioner has failed to meet the two-prong *Strickland* test. "In assessing deficient performance, reviewing courts must take care to avoid 'second-guessing' strategic decisions that

failed to bear fruit." *Lundgren v. Mitchell*, 440 F.3d 754, 770 (6th Cir. 2006) (citing *Strickland,* 466 U.S. at 689). "[C]ounsel's failure to call a fingerprint expert to challenge the prosecution's findings is not indicative of deficient performance where 'the petitioner's attorney likely concluded that his challenges would have been futile.'" *Wright v. United States*, No. 3:10cv174, 3:04cr003, 2011 WL 4852470, at *17 (S.D. Ohio May 20, 2011) (citing *Katschor v. Grayson*, No. 93-1009, 1993 WL 438636, at *4 (6th Cir. Oct. 28, 1993), *cert. denied*, 510 U.S. 1123 (1994)). Moreover, "[d]isagreements by a defendant with tactics and/or strategies will not support a claim of ineffective assistance of counsel" and "[v]ague or conclusory allegations are insufficient to establish the prisoner's burden that counsel's performance was deficient and that the defendant suffered prejudice as a result." *Unsworth v. Konteh*, No. 3:06-cv-1856, 2007 WL 4365402, at *9 (N.D. Ohio Dec. 10, 2007) (citing *Strickland*, 466 U.S. at 689; *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990); *United States v. Cronic*, 466 U.S. 648, 666 (1984)).

In this case, nothing in the record indicates that a defense expert would have assisted the defense. Under these circumstances, Petitioner cannot establish prejudice. "To present an ineffective assistance of counsel claim based on a failure to call a witness, a defendant must make an affirmative showing as to what the missing evidence would have been and prove that the witness' testimony would have produced a different result." *Malcum v. Burt*, 276 F. Supp. 2d 664, 679 (E.D. Mich. 2003) (citing *United States ex. rel. Jones v. Chrans*, 187 F. Supp. 2d 993, 1009 (N.D. Ill. 2002), *aff'd sub. nom. Jones v. Briley*, 49 F. App'x (7th Cir. 2002), *cert. denied*, 537 U.S. (2003)).

> In *United States v. Holt*, 85 F.3d 629 [table], 1996 WL 262466, at *9 (6th Cir.), cert. denied, 519 U.S. 906, 117 S. Ct. 265, 136 L.Ed.2d 189 (1996), the Sixth Circuit rejected the petitioner's ineffective assistance counsel of claim based on his trial counsel's failure even to hire a fingerprint expert, finding that the petitioner could not "show a reasonable probability that a different result

7

> would have obtained at trial." In so holding, that Court cited with approval *Hernandez v. Wainwright*, 634 F. Supp. 241, 248 (S.D. Fla.1986), aff'd, 813 F.2d 409 (11th Cir.1987), where the court rejected a similar claim because it "required unguided speculation into the value of omitted testimony by hypothetical witnesses." *Holt,* 1996 WL 262466, at *9.

*Wright,* 2011 WL 4852470, at *17. *See also Cowans v. Bagley*, 624 F. Supp. 2d 709, 788 (S.D. Ohio 2008) (absent any showing by the petitioner of the evidence that suggested experts would have provided to challenge or rebut the prosecution's fingerprint evidence, it is impossible to find that the Petitioner was prejudiced by counsel's failure to obtain experts). Petitioner has failed to establish the denial of the effective assistance of counsel.

Claim one is without merit.

**C. Claim Two**

Petitioner asserts that the Court improperly sentenced him as a career criminal under U.S.S.G. § 4B1.1 and § 4B1.2(a) of the advisory United States Sentencing Guidelines, *see PreSentence Investigation Report*, ¶ 50, based on his prior convictions of robbery and assault on a police officer. Petitioner argues that, under the reasoning of *Johnson*, the "residual clause" of § 4B1.1 of the United States Sentencing Guidelines likewise is constitutionally invalid, and his prior state court convictions therefore fail to qualify him for career offender status.

However, as discussed, on March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, and that the residual clause in § 4B1.2(a) is, therefore, not void for vagueness. *Beckles,* 137 S. Ct. at 892. The Supreme Court reasoned that, unlike the ACCA,

> the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

8

*Id*. at 892.

*Beckles* forecloses Petitioner's claim that he was improperly sentenced as a career offender under the advisory United States Sentencing Guidelines.

## IV. Recommended Disposition

For the reasons set forth above, it is **RECOMMENDED** that the Government's Motion to Dismiss Claim Two (ECF No. 306) be **GRANTED** and that this action be **DISMISSED.**

The Motion to Withdraw (ECF No. 311) is **GRANTED.**

## V. Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                                                        /s/ *Chelsey M. Vascura*_____  
                                                                                        CHELSEY M. VASCURA  
                                                                                        UNITED STATES MAGISTRATE JUDGE