IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC K. WATKINS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:13-cv-1075
Crim. No. 2:04-cr-119
Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On January 17, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that this action be dismissed. (ECF No. 315.) Petitioner has filed an *Objection* to the Magistrate Judge's recommendation of dismissal of claim one. (ECF No. 321.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 321) is **OVERRULED**. The *Report and Recommendation* (ECF No. 315) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner's *Motion to Appoint Counsel* (ECF No. 320) is **DENIED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his underlying convictions after a jury trial on conspiracy, in violation of 18 U.S.C. § 371; armed robbery of a financial institution, in violation of 18 U.S.C. § 2113(a) and (d); using a carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and receiving, possessing, concealing, storing, or disposing of money taken or stolen from a credit union, in violation of 18 U.S.C. § 2113(d). He asserts that he was denied the effective assistance of counsel because his attorney failed to hire or present testimony from a defense expert to challenge the prosecution's fingerprint evidence

(claim one); and that he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1 in light of *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015). The Government filed a motion to dismiss the latter claim in light of the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886, 895 (2017) (explaining that because the Sentencing Guidelines are advisory, they are "not subject to a vagueness challenge under the Due Process Clause and... [that] § 4B1.2(a)'s residual clause is not void for vagueness."). (ECF No. 306.) Petitioner does not object to the Magistrate Judge's recommendation that the *Government's Motion to Dismiss Claim Two* (ECF No. 306) be granted. Petitioner objects solely to the Magistrate Judge's recommendation of dismissal of his claim of the denial of the effective assistance of counsel. Petitioner objects to the dismissal of this claim prior to consideration of the depositions of defense counsel or report of the fingerprint expert. He requests the appointment of successor counsel to assist him in this regard. He raises no other basis for his objection to the Magistrate Judge's recommendation of dismissal of his claim of the denial of the effective assistance of counsel. Petitioner also requests that successor counsel be appointed to assist him in preserving a claim under the Supreme Court's pending decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted sub nom. Lynch v. Dimaya*, 137 S.Ct. 31 (Sept. 29, 2016).

Habeas corpus proceedings are considered to be civil in nature, and the Sixth Amendment does not guarantee the right to counsel in these proceedings. *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Lemeshko v. Wrona*, 325 F.Supp.2d 778, 787 (E.D. Mich. 2004) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)); *Tapia v. Lemaster*, 172 F.3d 1193, 1196 (10th Cir. 1999)). 18 U.S.C. § 3006A(a)(2)(B) provides, "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible

person who is seeking relief under section 2241, 2254, or 2255 of title 28." "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (citations omitted). "[T]he Court has broad discretion in determining whether counsel should be appointed." *Valsadi v. Sheldon*, No. 3:11-cv-2014, 2014 WL 4956173, at *4 (N.D. Ohio Sept. 26, 2014) (citing *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987)). The appointment of counsel is mandatory only where the record indicates that an evidentiary hearing is required to resolve a petitioner's claims. Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts. In making the determination as to whether to exercise its discretion in appointing counsel on a petitioner's behalf, the Court should consider "the legal and factual complexity of the case, the petitioner's ability to investigate and present his claims, and any other relevant factors." *Mathhews v. Jones*, No. 5:13-cv-1850, 2015 WL 545752, at *3 (N.D. Ohio Feb. 10, 2015) (citations omitted). "Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." *Reeves v. Lee*, No. 1:13-cv-01026, 2016 WL 890950, at *2 (W.D. Tenn. March 8, 2016) (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)).

On October 31, 2013, represented by Attorney Gary Crim, Petitioner filed the *Motion to Vacate under 28 U.S.C. § 2255*.[1] (ECF No. 251.) On August 16, 2016, Petitioner amended the Motion to Vacate to include a claim under *Johnson*. The Court appointed Attorney Crim on Petitioner's behalf and stayed proceedings pending a decision from the United States Supreme

---

[1] On April 21, 2016, the Court counsel on Petitioner's behalf. Apparently Attorney Crim previously represented the Petitioner on a *pro bono* basis.

3

Court in *Beckles*. (ECF Nos. 290, 295.) On March 22, 2017, the Court terminated the stay. (ECF No. 305.) Attorney Crim requested to withdraw as counsel, citing as the basis for his withdrawal his failure to move to the Court to raise a third claim challenging Petitioner's conviction under 18 U.S.C. § 924(c). (ECF No. 311.) However, on September 29, 2017, the Court issued an *Opinion and Order* rejecting the potential viability of Petitioner's proposed third claim for relief, and directing Attorney Crim to notify the Court whether he intended to renew his request to withdraw as counsel, and to advise the Court regarding the status of Petitioner's first claim for relief. (ECF No. 313, PAGEID# 3145.) Counsel again requested to withdraw and indicated that the deposition of trial counsel had been taken in early April 2017 and that he did not anticipate further depositions. (ECF No. 314, PAGEID# 3148.) On January 17, 2018, the Magistrate Judge issued an *Order and Report and Recommendation* granting counsel's motion to withdraw, and recommending dismissal of the *Motion to Vacate under 28 U.S.C. § 2255* on the merits. (ECF No. 315.)

The record does not reflect that the interests of justice or due process require the continued appointment of counsel in these proceedings. Petitioner does not object to the Magistrate Judge's recommendation of the dismissal of his claim under *Johnson*. As to his claim of the denial of the effective assistance of counsel, Petitioner has had the benefit of counsel to assist him in the development of this claim since October 2013, the date that he initially filed the Motion to Vacate. Thus, Petitioner has had more than ample opportunity to submit the depositions of counsel, or any proposed fingerprint expert report, in support of his claim since that time, and nothing in the record indicates that he requires the continued assistance of counsel in order to do so. Moreover, the record does not indicate that an evidentiary hearing is required to resolve Petitioner's claims, or that this case is so unduly complex that he requires the

appointment of successor counsel on his behalf. Nothing in the record supports Petitioner's allegation that any expert could have assisted him in challenging the testimony presented by the Government's fingerprint experts, or that defense counsel performed in a constitutionally ineffective manner in failing to present a fingerprint expert. To the contrary, the Affidavit of Petitioner's former attorney, Susan Petit, indicates that defense counsel conducted "extensive research" on the issue, consulted with a fingerprint expert, and made a reasonable strategic decision not to present the testimony of an expert. (ECF No. 280, PAGEID# 2982-83.) It is the Petitioner's burden to demonstrate that he is entitled to relief. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Also, "[i]n order to obtain relief under § 2255, the petitioner bears the burden of demonstrating that a defect or error of constitutional magnitude has occurred which results in a complete miscarriage of justice." *Dossie v. United States*, Nos. 5:07-cv-1696, 5:04-cr-110, 2008 WL 45378, at *2 (N.D. Ohio Jan. 2, 2008) (citing *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Petitioner has failed to meet this burden here.

Additionally, the Supreme Court's pending decision in *Dimaya* will not assist him, as it does not involve the statutes at issue in these proceedings, but the Immigration and Nationality Act's definition of a "crime of violence" under the provision of 18 U.S.C. § 16(b). *See Rogan v. United States*, Nos. 2:17-cv-139, 2:16-cr-0108, 2017 WL 680508, at *1-2 (S.D. Ohio Feb. 21, 2017) (*Dimaya* does not apply to the petitioner's firearm conviction under 924(c)); *United States v. Scott*, Case Nos. 1:14-cr-113, 1:17-cv-423, 2017 WL 2985065, at *2 (S.D. Ohio July 13, 2017) (noting that the relevance of *Dimaya* is difficult to understand where 18 U.S.C. 16 played no part in the case). The Supreme Court's pending decision in *Dimaya* offers no basis for the appointment of successor counsel in these proceedings. Moreover, the United States Court of Appeals for the Sixth Circuit has expressly held that *Johnson* does not affect § 924(c), *United*

5

*States v. Taylor*, 814 F.3d 340, 375 (6th Cir. 2016), and this Court is bound by that decision. *See also United States v. Justice*, No. 3:09-cr-180(3); 3:16-cv-266, 2017 WL 1194736, at *5 (S.D. Ohio March 31, 2017) (noting that the Sixth Circuit has refrained from repudiating or modifying *Taylor*, and that the Supreme Court's decision in *Beckles* suggests that the Court intended to limit *Johnson* to the ACCA.)

For these reasons and for the reasons detailed in the Magistrate Judge's *Order and Report and Recommendation* (ECF No. 315), Petitioner's *Objection* (ECF No. 321) is **OVERRULED**. The *Order and Report and Recommendation* (ECF No. 315) is **ADOPTED** and **AFFIRMED**. The government's *Motion to Dismiss Claim Two* (ECF No. 306) is **GRANTED**. This action is hereby **DISMISSED**.

Petitioner's *Motion to Appoint Counsel* (ECF No. 320) is **DENIED**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484

(2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claim of the denial of the effective assistance of counsel as without merit. Additionally, Petitioner has waived his right to appeal the dismissal of claim two by failing to file objections to the recommendation of dismissal of that claim. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith, and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter final **JUDGMENT** and to indicate on the docket Petitioner's current address, as reflected on the envelope submitted with his most recent filings. (ECF No. 320-1, PAGEID# 3168.) However, Petitioner is advised that it is his responsibility to keep the Court advised of his current whereabouts.

**IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u><br>
ALGENON L. MARBLEY<br>
UNITED STATES DISTRICT JUDGE