## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No. 2:04-CR-00119 (1)** |
| **Plaintiff,** | : | |
| | : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | |
| **ERIC K. WATKINS,** | : | |
| | : | |
| **Defendant.** | : | |

### OPINION & ORDER

This matter comes before the Court on Defendant Eric J. Watkins's Motion for Compassionate Release. (ECF No. 333). For the following reasons, Defendant's Motion for Compassionate Release is **DENIED**.

### I.        BACKGROUND

On October 21, 2005, Eric J. Watkins was sentenced to 360 months of imprisonment and 5 years of supervised release for one count of conspiracy in violation of 18 U.S.C. § 371, one count of armed robbery of a financial institution in violation of 18 U.S.C. §§ 2113(a) and (d), one count of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of receiving, possessing, concealing, storing, or disposing of money taken or stolen from a credit union in violation of 18 U.S.C. § 2113(c). (ECF Nos. 161–62).[1] Mr. Watkins is currently incarcerated at FCI Elkton and has served approximately 50% of his 30-year prison sentence. (ECF No. 333 at 204). The Defendant filed this Motion for

---

[1] Defendant was first sentenced on October 1, 2005. On June 10, 2009, this Court granted Mr. Watkins's motion to vacate his sentence and a new judgment was entered so Mr. Watkins could file a timely appeal. (ECF Nos. 213–14). Following an appeal, his original sentence was vacated and remanded for re-sentencing to resolve a discrepancy between the orally imposed sentence and the written sentencing judgment (ECF No. 236 at 5). At his re-sentencing on March 14, 2012, Mr. Watkins received the same sentence as originally imposed in his written sentencing judgment in 2005.

Compassionate Release on October 14, 2020, asking to be released because of his health conditions. (ECF No. 333). On November 24, 2020, Mr. Watkins's appointed counsel filed notice with this Court that the Defendant's *pro se* filing would not be supplemented. (ECF No. 336). On December 4, 2020, the Government filed its Response in Opposition to the Defendant's Motion. (ECF No. 337).

## II.     STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court may "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons" once the exhaustion requirement or 30-day waiting requirement has been satisfied. 18 U.S.C. § 3582(c)(1)(A); *Alam*, 960 F.3d at 834. A district court's decision under Section 3582(c)(1)(A) will be reviewed for abuse of discretion and a district court "must supply 'specific factual reasons'" in support of its compassionate release decision. *United States v. Jones*, --- F.3d ----, 2020 WL 6817488, at *10 (6th Cir. Nov. 20, 2020). In *United States v. Jones*, the Sixth Circuit recently clarified the mechanics of compassionate review under 18 U.S.C. § 3582 where an incarcerated person has brought a motion on his own behalf. In *Jones*, the Sixth Circuit announced that U.S.S.G. § 1B1.13 is no longer considered an "applicable" policy statement "in cases where incarcerated persons file their own motions in district court for compassionate release." *Id.*

The *Jones* court set forth a three-step framework for district courts to follow when considering motions for compassionate release. *Id.* at *6. First, district courts must find whether "extraordinary and compelling reasons warrant" a sentence reduction. *Id*. Second, a court must determine whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* Given that the *Jones* court found that U.S.S.G. § 1B1.13 was no longer applicable to motions brought by incarcerated persons on their own behalf, federal district

2

courts may now skip this step in those instances and "have full discretion to define 'extraordinary and compelling' without consulting the policy statement." *Id.* at *9. Third, a court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine whether, in the court's discretion, the reduction authorized by the statute is "warranted in whole or in part under the particular circumstances of the case." *Id.* at *6 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

### III.   LAW & ANALYSIS

#### A.   Exhaustion of Administrative Remedies

When reviewing motions seeking compassionate release brought under 18 U.S.C. § 3582(c)(1)(A), district courts' first step is to ask: has the movant *either* fully exhausted all administrative rights, *or* have 30 days lapsed since the movant received the warden's letter denying the request. If either prong is answered in the affirmative, courts then inquire if extraordinary and compelling circumstances justify release. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). The Sixth Circuit has held that this requirement is not a jurisdictional rule, but a claim-processing rule that "binds the courts only when properly asserted and not forfeited." *Id.* at 833.

In his Motion, Mr. Watkins indicates he submitted a formal request for compassionate release or reduction in sentence to the Warden on April 6, 2020. (ECF No. 333 at 204). He received a denial letter from the Warden on May 7, 2020, which he included in his Motion to the Court. (*Id.* at 209). This Court finds that Mr. Watkins has met the administrative exhaustion requirement because he has demonstrated that it has been more than thirty days since his formal request was filed with the BOP and his Motion for Compassionate Release is ripe for consideration.

### B.    Extraordinary and Compelling Reasons

Under the analysis set forth in *Jones*, this Court must first determine whether "extraordinary and compelling reasons" warrant a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A)(i). This court has "full discretion to define 'extraordinary and compelling'" without consulting the policy statement § 1B1.13." *Jones*, 2020 WL 6817488, at *9. In his Motion, Mr. Watkins seeks release for his high blood pressure, which he contends has worsened during his incarceration. (ECF No. 203 at 203–05). In opposition, the Government argues that Mr. Watkins has not demonstrated "extraordinary and compelling reasons" justifying his release because he suffers from a condition "which *might* increase risk," but does not put him at increased risk of severe illness or death from COVID-19 (ECF No. 337 at 5). The Government also contends that BOP has taken significant measures to protect incarcerated people and is exercising its authority to designate individuals who may be more susceptible to COVID-19 for home confinement (*Id.* at 5–6). The Government asserts that "compassionate release is not justified where BOP can provide substantive health care (and has for years preceding this Motion)." (*Id.* at 8).

As an initial matter, this Court recognizes the devastating impact of the COVID-19 pandemic and that prison populations are subject to heightened vulnerability. The spread of COVID-19 in prisons has been well documented and FCI Elkton, where Mr. Watkins is confined, had 6 active cases of COVID-19 among the incarcerated population and 13 active cases among staff as of December 8, 2020.[2] Nine incarcerated people have also died of COVID-19 in the care of FCI Elkton, and nearly 900 individuals incarcerated there had contracted the virus since the pandemic began.[3] With respect to Mr. Watkins's medical condition, the CDC has indicated that

---

[2] *See* BOP, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/, last accessed 12/8/2020 at 5:00 p.m.
[3] *Id.*

individuals with hypertension might be at a higher risk for severe illness from COVID-19.[4] Mr. Watkins has submitted voluminous medical records to the Court detailing his ongoing issues with high blood pressure. (ECF No. 333). The Government does not dispute Mr. Watkins's health condition, but argues that BOP is providing him sufficient care for this condition. (ECF No. 337 at 5–6). This Court has discretion to determine for itself whether an incarcerated person has presented "extraordinary and compelling reasons" within the meaning of the First Step Act, and this Court finds that Mr. Watkins's hypertension, which might place him at an increased risk of severe illness or death if he contracts COVID-19, constitutes "extraordinary and compelling reasons."

### C.     Section 3553 Sentencing Factors Analysis

When an incarcerated person demonstrates "extraordinary and compelling reasons" which could justify a reduction in sentence, this Court must also consider "all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 2020 WL 6817488, at *11. A court does not need to "specifically articulat[e]" every single Section 3553(a) factor in its analysis; rather, the record "as a whole" must indicate that the pertinent factors were taken into account by the court. *Id.* For a reviewing court, the record as a whole will constitute both the original sentencing proceeding and the compassionate release decision. *Id.* at *11–12. Section 3553(a) instructs a court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—

---

[4] *See* CDC, *People Who Are at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html, last accessed 11/23/2020 at 4:00 p.m.

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5) any pertinent policy statement ... issued by the Sentencing Commission ...;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In support of his Motion for Compassionate Release, Mr. Watkins indicates that he has served approximately sixteen years of his thirty-year sentence. (ECF No. 333 at 204). He further indicates that, if released, he would live with his sister, who supports his request for compassionate release. (*Id.* at 207–08). He also indicates that he would plan to seek employment. (*Id.* at 206–08). The Government opposes his request on the grounds that compassionate release would be "improper" in light of the Section 3553(a) factors. (ECF No. 337 at 11). The Government suggests the "nature and circumstances" of the Defendant's ongoing criminal activity, his "history and characteristics," the seriousness of the underlying offense, the need to afford adequate deterrence, and the need to protect the public all weigh against early release for Mr. Watkins. (*Id.*).

On May 6, 2005, Mr. Watkins was found guilty of one count of conspiracy in violation of 18 U.S.C. § 371, one count of armed robbery of a financial institution in violation of 18 U.S.C.

6

§ 2113(a) and (d), one count of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of receiving, possessing, concealing, storing, or disposing of money taken or stolen from a credit union in violation of 18 U.S.C. § 2113(c). (ECF No. 135). On October 21, 2005, this Court sentenced him to 360 months of imprisonment and 5 years of supervised release. (ECF Nos. 161–62). At a resentencing of the Defendant following an appeal in 2012, this sentence was re-imposed. (ECF No. 249). During this proceeding, this Court considered that Mr. Watkins was a "career offender," that the underlying offense was particularly serious in nature, the need for a sentence to serve values of retribution and deterrence, the need to protect the public, and the need to rehabilitate the Defendant. (*Id.*). The Court also heard testimony from several of the victims regarding the ongoing impact of the acts committed against them. (*Id.*). Mr. Watkins's original sentence of 360 months of imprisonment and a 5-year term of supervised release was reaffirmed at his 2012 resentencing. (*Id.*).

This Court must consider both the health risk to the individual and the interests served by continued incarceration based on the nature and seriousness of the offense. This Court again finds the seriousness of the underlying offense, the need for retributive justice, and the need to protect the public all weigh in favor of denying compassionate release. Mr. Watkins abducted three people at gunpoint overnight, including two children, and then proceeded to take multiple individuals hostage at a bank the following day. (*Id.*). Years later, several victims attended the re-sentencing hearing again to provide testimony in favor of the Defendant's continued incarceration. (*Id.*). One victim testified that one of her children who was involved in the abduction has suffered serious mental health issues and that she and both of her children continued to grapple with the event over seven years later. (*Id.*). Another victim testified that the underlying offense put a burden on her family, that she sought a concealed carry license as a result of the Defendant's conduct, and that

she imagines she will be impacted by this event for the rest of her life. (*Id.*). A third victim testified that the conduct still impacts those who work at the bank, where she has continued to work, as well as her personal life. (*Id.*). The Court therefore finds that the retribution, deterrence, incapacitation, and rehabilitation interests served by the original sentence counsel against early release in this case.

For these reasons, Mr. Watkins's Motion for Compassionate Release (ECF No. 333) is **DENIED**.

## D.  CONCLUSION

For these reasons, Mr. Watkins's Motion for Compassionate Release (ECF No. 333) is **DENIED**.

**IT IS SO ORDERED.**

 **/s/ Algenon L. Marbley**
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  January 19, 2021**